# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

John Helmick, an individual

    Plaintiff,

v.

Union Internationale de Pentathlon Moderne, an international organization,

    Defendants.

## COMPLAINT

Plaintiff John Helmick ("Plaintiff"), by and through his attorneys, Volpe Law, LLC files this Complaint and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual active with USA Pentathlon, Inc., aka USA Pentathlon MultiSport ("USAPM") and Union Internationale de Pentathlon Moderne ("Defendant").

2. Plaintiff's primary residence is in Las Vegas, Nevada.

3. Upon information and belief, Defendant is an Association under Monegasque law.

4. The current president of Defendant is Robert Ernest Stull ("UIPM President Stull"). Upon information and belief UIPM President Stull resides in Colorado Springs, Colorado where he regularly conducts Defendant's business.

5. Defendant is the international governing body of modern pentathlon. It has approximately 133 national federation members, as of 2024, one of which is USAPM.

6. USAPM is a non-profit corporation incorporated and licensed pursuant to the laws of the State of Colorado and its principal office is in Colorado, Springs.

7. USAPM is operated for charitable and educational purposes, and it seeks to foster national and international amateur sports competition in the sport of Modern Pentathlon.

8. Upon information and belief, Defendant sanctions Pentathlon events in Colorado.

9. Upon information and belief, Defendant regularly and systematically directs funding to Colorado through its activities in support of USAPM in Colorado Springs, CO.

10. Upon information and belief, UIPM President Stull, works out of or in conjunction with the offices of USAPM in addition to serving as president of Defendant.

11. As Defendant's current president and representative living and working in the United States, UIPM President Stull resides in Colorado Springs and works in Colorado Springs on behalf of and for the benefit of Defendant.

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as this is an action between "citizens of a State and citizens or subjects of a foreign state" wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

13. This Court has personal jurisdiction over Defendant because Defendant maintains systematic and continuous business connections and contacts with the State of Colorado. And/or Defendant was personally served within the state of Colorado.

## GENERAL ALLEGATIONS

14. Plaintiff is passionate about the sport of modern pentathlon and has devoted a great deal of effort and time to supporting the modern pentathlon movement and to growing his reputation within the pentathlon community.

15. Modern pentathlon is an Olympic sport combining five disciplines: fencing, swimming, horse riding (show jumping), pistol shooting, and running. Over the last 2 years, the sport has transitioned from horse riding to obstacle racing. It was inspired by the skills needed by a battlefield courier.

16. Plaintiff has served in many roles with Defendant since 1993 (appointments are for four-year terms):

- 1993-1996: Member Finance Committee.

- 1996-2000: Executive Board Member for Marketing.

- 2000-2004: Vice President (vice president for Business Affairs and Chair of Business Affairs Committee).

- 2004-2008: Vice President (vice president for Business Affairs and Chair of Business Affairs Committee).

- 2008-2012: Vice President (vice president for Business Affairs and Chair of Business Affairs Committee).

- 2012-2016: Treasurer.

- 2016-2020: Treasurer.

- 2020-2024: Treasurer.

17. Plaintiff was also a board member of USAPM from 2013 to 2025.

18. Plaintiff in his capacity as a board member regularly attended board meetings and competitions in Colorado.

19. Plaintiff would also regularly meet with UIPM President Stull in Colorado.

20. Plaintiff regularly conducts business in Colorado as he has real estate development deals in Colorado totaling over $20 million.

21. From June 9 to 16, 2024 the UIPM 2024 Modern Pentathlon World Championships ("Championships") took place in Zhengzhou, China.

22. Plaintiff attended the Championships.

23. Upon information and belief, Defendant and USAPM sent delegations, representatives, officials, judges, staff, board members, and athletes to the Championships.

24. The USAPM delegation totaled at least 10 people.

25. Current UIPM President Stull (not president at that time) also attended the Championships.

26. During the Championships, on June 16, 2024, Defendant was invited to a lunch hosted by the Chinese modern pentathlon federation, one of the member federations of the Defendant and host of the Championships.

27. Upon information and belief, members of Defendant's delegation, including the President, the Secretary General, a Vice President, the President of the Confederation of Africa (all members of the Defendant's Executive Board), the assistant to the President, and the wife of the President and other organizations attended the lunch hosted by Chinse modern pentathlon national federation attended the lunch.

28. Upon information and belief approximately 20 people attended the lunch.

3

29. During the lunch, the then President of Defendant Klaus Schorman ("President of Defendant"), gave a speech from a podium on the behalf of Defendant, during which he made public statements about Plaintiff.

30. Upon information and belief, President of Defendant imbibed intoxicating beverages before speaking.

31. President of Defendant asserted – *inter alia* – that:

- Plaintiff embezzled or stole $6 million dollars from Defendant.

- President of Defendant had documents proving the claim of embezzlement or theft.

- Building on these statements, President of Defendant threatened anyone who would support Plaintiff in his candidacy to be re-elected treasurer of Defendant.

32. Later the same day, June 16, 2024, President of Defendant made substantially the same statements to a smaller group that included current UIPM President Stull.

33. President of Defendant made these statements in his official capacity as president at an official Defendant event.

34. Defendant presented these statements as statements of fact.

35. The statements made by President of Defendant are false.

36. Defendant's statements are slanderous *per se* because they accused Plaintiff of a crime without a factual basis.

37. Plaintiff learned of the slanderous statements shortly after the lunch.

38. Upon information and belief, all members of the USAPM delegation at the Championship ultimately learned of these slanderous statements by word of mouth.

39. The current UIPM Secretary General specifically heard these statements as she sought to mediate a resolution of a conflict between President of Defendant Schorman and Plaintiff that evening.

40. Upon information and belief, many people affiliated with and involved with USAPM, who did not attend the Championships, learned of the statements.

41. Upon information and belief, many people within the larger pentathlon community learned of the statements.

42. President of Defendant's statements caused harm to Plaintiff in Colorado by diminishing his standing/reputation amongst the members of USAPM and within the organization, which is based in Colorado.

43. Specifically, after serving as a board member of USAPM for 12 years, Plaintiff lost the opportunity to serve on the board further when elections were held in January 2025.

44. After serving in some capacity in Defendant organization for 32 years, Plaintiff lost the opportunity to serve a role in Defendant in 2025.

45. Plaintiff attributes loss of both his USAPM board seat and all positions within Defendant directly to the slanderous statements of Defendant.

46. Due to this damage to Plaintiff's reputation, the President and board members of USAPM in Colorado have refused to let Plaintiff serve in a leadership position with USAPM.

47. Due to this damage to Plaintiff's reputation, Defendant has refused to let Plaintiff serve in a position within Defendant.

48. The slanderous statements damaged or diminished Plaintiff's reputation more widely than the Defendant and USAPM communities and has had negative consequences for Plaintiff's business.

## CLAIM FOR RELIEF

49. Plaintiff realleges each and every allegation of this Complaint and Jury Demand as if fully set forth herein.

50. Defendant, through its President Klaus Schorman, published that Plaintiff engaged in criminal conduct (i.e., stealing $6 million dollars from Defendant) when speaking publicly at an official Defendant event in his capacity as President of Defendant

51. The statements were patently false and without a factual basis.

52. Defendant's statements were slanderous *per se* because Defendant publicly accused Plaintiff of a crime Plaintiff did not commit.

53. Defendant made the slanderous statements knowing the statements were not true or with a reckless disregard of the statement's veracity.

54. Defendant also made the slanderous statements with malice.

5

55. Plaintiff experienced actual damage to his reputation when he could no longer serve in a leadership capacity in either Defendant or USAPM.

56. Plaintiff is entitled to damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor on all claims for relief and declaratory judgment and award damages as follows against Defendant:

1. For compensatory economic damages as may be proven at trial;

2. For non-economic damages caused by Defendant's conduct in amounts to be proven at trial;

3. For all pre- and post-judgment interest, statutory and moratory, as permitted by law; and

4. For such other and further relief as the law permits and this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this June 14, 2025

*/s/ David R. Tscheschke*

DAVID R. TSCHESCHKE
ATTORNEY REGISTRATION # 53799

VOLPE LAW, LLC
19751 E. Mainstreet, #342
Parker, CO 80138
Phone: (720) 640-6656
david@volpelawllc.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on this June 14, 2025, all counsel of record who have entered an appearance in this matter (if any) are being served with a copy of this document via the Court's CM/ECF system.

                 /s/ David R. Tscheschke
                 DAVID R. TSCHESCHKE